Seward, J.
Heard on demurrer.
In order to properly construe a statute, it is necessary for the court to get at the intention of the Legislature in passing the provision of the statute which is in question; and, in order to get at the intention of the Legislature, the court should attempt to determine what evil was intended to be remedied by the Legislature in the enactment of the provision of the statute. Before the enactment of this statute, Section 2834b, Revised Statutes, in regard to municipal corporations and also in regard to commissioners, township trustees and boards of education, extravagance had run riot. The people had determined to call a halt. Taxation ivas being imposed upon the people for extravagant outlays, anticipated levies were used in the present, and the Legislature, to remedy that evil, passed these sections of the statute. Now, let us look at this section of the statute and see whether it is necessary in this kind of a case for the petitioner to allege what is contained in this section of the statute *574 in order to make a cause of action against the defendants. The petition does not allege that the money was in the treasury of the township, nor does it allege that a certificate of the clerk of the township had been furnished to the board of trustees and filed, and, as the statute says, “immediately recorded. ’ ’
“The commissioners of any county, the trustees of any township and the board of education of any school district, except in cities of the first class, of first, second and third grade, shall enter into no contract, agreement, or obligation involving the expenditure of money, nor shall any resolution or order for the appropriation or expenditure of money be passed by any board of county commissioners, township trustees or board of education, except in cities of the first class, of first, second and third grade, unless the auditor or clerk thereof shall first certify that the money required for the payment of such obligation or appropriation is in the treasury to the credit of the fund from which it is to be drawn, or has been levied and placed on the duplicate, and in' process of collection and not appropriated for any other purpose.”
Then it says the certificate shall be filed and what shall be done with it. And it says also that any contract entered into in violation of the provisions of this section shall be utterly void.
It has been held time and again under the municipal provisions of the statute (Revised Statutes, 1536-205), that contracts entered into in violation of the provisions of that statute, without the certificate having been filed, are void, and the person who performs labor or work or furnishes material under such contracts can not recover. Thát is the holding in the bridge case which arose in the northern part of this state (Buchanan Bridge Co. v. Campbell, 60 Ohio St., 406). Where the bridge company entered into a contract with the. county commissioners to furnish a bridge .over a certain stream, I believe near Toledo, or up in that section of. the state, the certificate had not been furnished as required by this section of the statute. The bridge company made a contract with the county commissioners, or attempted to make a contract with the county commissioners, for putting up the bridge; they furnished it, erected it and *575 the county used it, and the commissioners refused to pay for it; a suit was brought to recover, and the Supreme Court held that they could not recover, although the county commissioners had the bridge and were using it; that they could not recover because the contracting party with the county commissioners must at his peril ascertain whether that certificate had been made and filed as required by Section 28346, Revised Statutes; and, as I say, they held that the bridge company was without remedy.
In Lancaster v. Miller, 58 Ohio St., 558, there is a portion of this decision that counsel did not read and which the court desires to refer to. This is a case where a contract was made for putting in a sewer in the city of Lancaster across certain streets, and, after the contract was made for putting in the sewer along the streets, it was found that certain catch basins were left out of the contract. I don’t know that they were intended to be put in, but it was found necessary that they should be put in, in connection with the sewer, and an additional contract was made for putting in these catch basins at $25 each, eight of them, making $200.
A motion was interposed to this petition to make it more definite and certain by setting out what the provisions of the contract were — its terms. They pleaded the contract in substance, but a motion was interposed by the defendant to require them to set out the terms of the contract. The purpose of that motion was that they be required to set out whether the provisions of the municipal code in relation to the certificate had been complied with. The Supreme Court compliments counsel for their ability to draw the petition to avoid that difficulty, and say that the motion ought „ to have ’ been sustained. The petition reads something as follows:
“In the month of---, A. D. 1891, the defendant, which is a municipal corporation, was engaged in improving Broad and Columbus streets in said city of Lancaster, with a brick pavement, and at the same time the plaintiff was engaged in performing his contract duly made with the defendant,” etc.
• “The petition does not disclose the terms of this contract, nor the circumstances under which it was made. Had this been *576 done, the character of the contract, whether legal or illegal, would have appeared, and its validity could have been determined by a demurrer to the petition.
“Doubtless an apprehension of the result that might follow such a course was the moving cause that induced the able and experienced counsel for the contractor to refrain from setting forth more specifically the contract and the manner in which it was .made. A motion to require the plaintiff: below to make his petition more definite and certain by setting forth the terms of the contract, was made and overruled in the court of common pleas. The city then interposed a demurrer to the petition on the ground that it did not state a cause of action. The demurrer was overruled, ■ and thereupon the city answered, denying the validity of the contract under which the work was alleged to have been clone,’ and the material furnished, and also denying that such work or material were of the value alleged.”
Here the city interposed by answer and denied the making of the certificate or complying with the precedent conditions to the making of the contract.
An inspection of the petition will show that the claim of the contractor exceeded $1,100, two hundred dollars of which accrued from work authorized by a modification of the original contract. The circumstances under which the modification of the original contract was made are set forth with reasonable clearness, but the petition is silent concerning the terms of the original and principal contract itself. The petition simply states that: ‘ ‘ The plaintiff was engaged in performing his contract duly made with the defendant to put in twenty-four-inch sewers across said Columbus and Broad streets at their intersection with Mill street, ” etc. This everment shows simply that at the time the contract was modified, the plaintiff was performing a contract • ‘ duly made ’ ’ with the city, but contains no word as to its terms. If it appeared that the plaintiff had been paid in full for all the work, etc., performed under the principal (original) contract and was seeking only to recover what had accrued under the modification, the averment might have been sufficient, but this was not the case.
That is, it might have been sufficient, because under a certain amount they could make a contract without a certificate. That is, as to the provisions of the municipal code.
*577 His right rested on both. The existence and terms of the original contract were as necessary to his recovery as were those of the modification. The right of the city in this respect was to be advised as to the whole claim of the contractor. It was entitled to know just what according to the plaintiff’s version of the contract he was to do, and what obligations it imposed on the city, that it might admit or take issue upon those terms according to its understanding of their truth or falsity.
And the court say:
“In view of the principles hereinafter announced, doubts will at once arise respecting the sufficiency -of the petition and the correctness of the action of the court of common pleas in overruling the demurrer to it. But as the real question in the case is whether the contract under which recovery was sought was legal and valid, and as the answer controverts this validity, and as the circumstances upon which its validity 'depends are found in the bill of exceptions, that question will be determined according to the undisputed facts there disclosed, rather than by a review of the holding on the demurrer which would confine us to such facts or rather absence of facts as may be found in the petition.”
So the court rather strongly indicates that if this matter had been determined upon the demurrer alone, that the petition would have been held insufficient, because it did not allege that the certificate was made, or the money in the treasury to do the work contracted for.
Now, in relation to the question as to whether this exception applies to the township trustees, the court does not think that that contention is well taken. The exception in the statute, I refer to. I do not think that is well taken. I think the section intends to include all township trustees throughout the state of Ohio. It is a general provision in relation to township trustees. And, in view of the announcement of the Supreme Court in Lancaster v. Miller, supra, the court is inclined to hold that it is necessary to allege that this certificate was made Aby the township clerk before a right of recovery can be had in this action. A contract such as this can be made in no other way. It is not a contract’. You may say what you please about it— you mhy allege what you please — unless you have complied *578 with the terms of this section of the statute, no contract exists. It matters not what the allegations of the petition are. It is void; and the only way the court can know that there is a contract, is to know that the precedent conditions for the making of the contract have been complied with, and unless this certificate was "filed with the township trustees by the clerk of the township, that the money was in the treasury, or, if not in the treasury, that it was levied and in process of collection, then the township trustees were powerless to enter into a contract with anybody for material such as this petition discloses, and the court will sustain this demurrer.
(After further argument) : The court permitted this argument- to take a good deal more time than it thought it would, and a wider range than it expected it would take. There has been an insertion in the petition since the holding this morning of the words': “Available for that purpose,” etc. And now a demurrer is filed, and the only question remaining is whether if the funds are in the treasury available for that purpose, and if the cleric, through his own negligence, fails to make the certificate, the contract could be entered into.
The question is: When are the township trustees authorized to enter into this contract? Now, if this Revised Statute, 2834b, governs, they are only authorized to enter into a contract upon being advised that that certificate is at least filed with the township trustees; and no person can make a contract with them, unless Section 1482, Revised Statutes, governs, except at his peril, without knowing that that certificate is filed. If he is making a contract with the township trustees, he can inquire if the certificate of the clerk is made, and if the fund is at hand, and if it has been filed, he can enter into a contract; and if not, he can say, I have no authority to enter into a contract with you. 'He can make all those inquiries and ascertain whether the trustees have a right to make a legal, binding contract with him for whatever may be under consideration.
Now, Section 1482, Revised Statutes, as the court views it, is rather an emergency statute than a general statute governing in such eases. It is provided in. that section — not in the words that the court is going to give — when emergency should arise *579 that would require improvement of the roads, that the trustees are authorized under that section of the statute to make a contract for the improvement of the roads; but if that section is to govern, then the other statute has no force whatever as to roads. It could not have any; and the court is free to say that under the status of the ease as it now appears — where the allegation is made that the fund is in the treasury, and all it lacks is the certificate of the clerk, the court would be inclined to hold that that was a good petition if it were not for this circuit court decision in Cuyahoga county, where they hold there that the certificate is a necessary prerequisite to entering into the contract, and just as necessary as it is that the fund should be in the treasury.
E. B. Finley and Kibler & Montgomery, for plaintiff.
Smythe & Smythe, for defendants.
Now, in relation to the point made by counsel that if the certificate were made and the money was not in the treasury — what effect would it-have? The person contracting with the trustees is under no obligation to go any further than the certificate; if the trustees enter into the contract with him, and he finds the certificate on file, he has a right to make his contract, and if the trustees make such a contract with him, I presume it would be binding on the township, or at least bind the trustees individually if it did not the township.
And so, as the court views it, there is nothing for the court to do but to sustain this demurrer and dismiss the petition.